Syllabus.

# ROBERT M. WEAVER
## v.
# BENJAMIN WILSON.

1. COLOR OF TITLE—*what constitutes.* Where a purchaser of land receives a deed, which, by mistake, misdescribes the land, and afterwards the vendor corrects the mistake by executing a deed for the land actually sold, the grantor can claim color of title only from the date of the last deed, the first deed not being color of title, as it did not purport to convey the land sold.

2. POSSESSION—*under color of title.* The possession under color of title, to be availing, must be so open, adverse, notorious and exclusive, as to give the real owners notice thereof.

3. FORECLOSURE—*condition precedent to the maturity of the debt not performed.* A party sold and conveyed a quarter section of land, together with an additional tract of fifty-five acres, for a sum of money in gross; to the latter tract the grantor had not a perfect title. The purchaser gave his note for the purchase money, secured by mortgage on all the lands, both the note and the mortgage containing the condition, that the note was not to be deemed payable, until the defective title was perfected. The portion of the land so sold, in respect to which the title was imperfect, was of less value per acre than the residue. In a suit to foreclose the mortgage, it was *held*, that the condition precedent requiring the defective title to be perfected, before the debt should be deemed due and payable, not being performed, no foreclosure could be had of that portion of the debt accruing from the purchase of the land so embraced in that condition, but such purchaser would be entitled to a deduction from the amount due and unpaid, and in proportion to the value of this tract, as compared with the value of the tracts sold.

4. RELEASE—*by purchaser of land, who sets up a defective title.* Where a purchaser of land, to which his vendor has not a perfect title, receives a deed therefor, and executes his note for the purchase money, and a mortgage upon the land to secure the same, both conditioned that the note is not to be deemed due and payable until the title in the grantor is perfected, if such purchaser resists a foreclosure of the mortgage because of non-performance of this condition, he should be decreed to release to his grantor whatever title he may have acquired by his deed.

5. CONSTRUCTION—*of contract.* Where a note, given for the purchase money of land, recites, "but I shall not be obliged to pay this note till Archibald Cunningham conveys to me, or my benefit, his homestead in said land, and the title

is fixed up in any event," it will be construed as embracing not only the release of the homestead, but also the perfecting of the defective title.

6. DEED OF WARRANTY — *when grantor not required to rely upon his covenants of warranty.* Where a grantee of land, by deed with warranty, executes his note for the unpaid purchase money, with mortgage back to secure the same, and embodies, in both the note and mortgage, the condition that it is not due and payable until the title to the land is perfected in his grantor, such grantee, in resisting a foreclosure of the mortgage, will not be required to rely upon his covenants of warranty, but may interpose, as a defense, the condition precedent to the payment of the note.

WRIT OF ERROR to the Circuit Court of Marshall county; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

The opinion states the case.

Messrs. BANGS & SHAW and Mr. GEO. O. BARNES, for the plaintiff in error.

Mr. JOHN BURNS, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the Marshall Circuit Court, exhibited by Benjamin Wilson, against Robert M. Weaver, to foreclose a mortgage. On the first day of December, 1865, Weaver executed his note, of that date, payable to James C. Cunningham, of the following tenor:

"$1,950. On or before the 25th day of December, 1866, I promise to pay James C. Cunningham, or order, nineteen hundred and fifty dollars, with interest, at ten per cent. per annum, from date, for the s. e. 15, 29,1 w., and 55 acres, north part w. hf. s. w. 22, 29, 1 w.; but I shall not be obliged to pay this note till Archibald Cunningham conveys to me, or my benefit, his homestead in said land, and the title is fixed up in any event."

To secure this note, Weaver, on the same day, executed a mortgage on these lands, stating therein that the note was "with a condition providing for fixing up the title to the within described real estate."

The note was assigned, before its maturity, to Archibald Cunningham, and by him to the complainant, and the bill alleges it is still due and unpaid.

The defendant, in his answer, admits making the note and mortgage, and alleges it was given for the balance of the purchase money for the land, the agreed price of which being thirty dollars ninety cents, and a fraction over, per acre, and that this was so expressed in the deed of Cunningham conveying the land.

He denies that the condition in the note and mortgage has been complied with, and he alleges Cunningham never had title to the fifty-five acres, and the title to the same has not been "fixed up;" states he is ready to pay the balance due on the note so soon as the title to the fifty-five acre tract is perfected, and if the complainant can not perfect it, then he is ready, and willing, and offers, to give the same up to whoever may be entitled to it, and to execute a proper conveyance therefor, upon receiving credit on the note of sixteen hundred and ninety-nine dollars and sixty-five and eight-ninth cents.

The cause was heard on bill, answer, replication, exhibits and proofs, and a decree passed in favor of complainant, against the defendant, for twenty-two hundred and thirty-seven dollars and seven cents, as the balance due on the note and mortgage, and directed that the quarter section and the fifty-five acre tract be sold, separately, to pay the same.

To reverse this decree, the defendant brings the record here by writ of error.

The complainant, assignee of Cunningham, took the note with the condition appearing on its face, and must be bound by it.

The title to the fifty-five acre tract, which was conveyed to plaintiff in error, as the west half of the southwest quarter, is clearly defective. The deed under which Cunningham claimed the tract, was made to him by William and Jabez Fisher and N. G. Chapin, and their wives, on the eighth of February, 1858, and the land is described in it as the *north* half of the southwest quarter. Payment of taxes on that tract, for seven successive years, and actual possession, would not be color of title to the *west* half of that quarter. To remedy this defect, the Fishers and Chapin executed another deed to Cunningham, on the first day of September, 1867, for the west half of the quarter. This deed can not be held to relate back to the date of the execution of the first deed, so that color of title might be claimed under it from that date. It is for a different tract of land, and the color to the tract conveyed to plaintiff in error can only be traced back to first of May, 1867, or third of September, 1866, being the date of the deed of William Fisher to Cunningham, so that the pretence of color of title, and payment of taxes for seven years on the west half, except as to the west part of the north half, which would be the north part of the west half, entirely fails.

Upon the question of possession, the record affords so little light that it is impossible to pronounce upon its precise nature and character. Possession, in all such cases, should be so open, adverse, notorious and exclusive, as to give the real owners notice. On another trial, this may be shown to have been its character.

The title, then, not having been "fixed up" to this fifty-five acre tract, the plaintiff was clearly entitled to a deduction from the amount due and unpaid, and in proportion to the value of this tract, as compared with the value of the tracts sold, and he should be decreed to release and quit claim to Cunningham, and to complainant Wilson, all his right, title and interest in the same, on such deduction being made. Any other rate, or rule of deduction, would work great injustice,

as this fifty-five acre tract may have been considered, in the trade, of but small value, certainly not of the same value per acre as the improved quarter section. Its relative value, then, is the measure of the deduction to which plaintiff in error is entitled.

Although plaintiff in error has a general warranty deed for this tract, that does not preclude him from setting up, as a defense in equity, on a proceeding to foreclose on the other tract, this want of title. This court, in *Swift* v. *Newton*, 38 Ill. 230, said, when a mortgage was given on one tract of land, to secure the purchase money of another tract, which the mortgagee covenants to convey with warranty, but to which he has no title, such failure of title in the vendor is a good defense, in equity, in a proceeding to foreclose the mortgage.

It is urged that plaintiff in error must rely upon the covenants in his deed. This might be so, had he not expressly stipulated, in the note, that it should not be paid until the title was perfected. "Fixing up the title," was a condition precedent to the payment of the note.

It is claimed by the defendant in error, that the "fixing up" the title, had reference only to the quarter section, and that was fixed up, by a release of the homestead. Such is not the limit of the condition. The title, as well to the quarter section as to the fifty-five acre tract, was to be perfected, for that we understand to be the import of the words "fixed up," as used by the parties.

To decree the sale of the quarter section, which was nearly all paid for, to satisfy a mortgage on this fifty-five acre tract, to which the mortgagee, when he sold, had no title, and has acquired none since, would not be entirely just. Deducting the value of that tract, then the quarter section should be sold for the balance due upon it, if not previously paid.

The error in the decree is, in ordering the sale of the quarter section to pay the purchase money due, in part, for the fifty-five acres.

17—48TH ILL.

The decree, for that error, is reversed and the cause remanded, with directions to the Circuit Court, to deduct the proportionate value of this fifty-five acre tract, from the amount due on the mortgage, and decree a foreclosure and sale of the quarter section for the balance, and require the plaintiff in error, in a reasonable time, to be fixed by the court, to release and quit claim to James C: Cunningham, or to complainant, all the right and title plaintiff in error may have acquired thereto, by the deed of Cunningham and wife, of, in and to, this tract of fifty-five acres, unless, in the meantime, the title to the same shall be perfected in the plaintiff in error, by Cunningham, or by defendant in error, before the decree, in which event, a sale will be decreed for the whole amount due.    The costs to be in the discretion of the court.

*Decree reversed.*