PHŒBE HERRELL *et al.*

*v.*

JAMES SIZELAND *et al.*

1. EJECTMENT—*notice to quit.* Where there is a tenancy from year to year, an action of ejectment by the landlord against the tenant can not be maintained unless the tenant has had sixty days' notice to quit.

2. TENANCY—*whether from year to year or at will.* The reservation of an annual rent is the leading circumstance that turns leases for uncertain terms into leases from year to year. If the tenant be placed on the land

without any terms prescribed or rent reserved, and as a mere occupier, he is strictly a tenant at will.

3.   Where parties move into the house of another, and reside with him, and take care of him until he dies, but neither pay rent nor agree to pay rent, and it does not appear that any term was agreed upon, they are not tenants from year to year, and entitled to notice to quit, but are mere tenants at the will of the owner, and a demand of possession will terminate the tenancy.

4.   NOTICE TO QUIT—*not necessary where tenant repudiates tenancy.*   A notice to quit is not necessary unless the relation of landlord and tenant exists, and where a defendant in ejectment repudiates a tenancy and claims title in fee, he dispenses with the necessity of a notice to quit.

5.   LEGAL TITLE—*will prevail in ejectment over equitable title.*   Where the plaintiff in ejectment shows a legal title, he is entitled to recover as against any mere equitable title in the defendant.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

Mr. A. B. BUNN, and Messrs. CREA & EWING, for the plaintiffs in error.

Messrs. ELDRIDGE, PARK & LEE, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by the plaintiffs in error, heirs of William Dewees, against James Sizeland and Melissa Sizeland, to recover possession of a certain tract of land in Macon county.

A trial in the circuit court, a jury having been waived, resulted in a judgment in favor of the defendants, and the plaintiffs bring this writ of error.

William Dewees originally owned the land in controversy, and the plaintiffs in the action are his legal heirs.   For several years previous to the death of William Dewees the defendants had been living with him in his house upon the land.

The defense interposed by the defendants was of a two-fold character—first, that the action could not be maintained without sixty days' notice to quit; second, that Dewees had, in his lifetime, agreed to give them the land for taking care of him.

Where there is a tenancy from year to year, an action of ejectment can not be maintained unless the tenants have had sixty days' notice to quit, but the facts disclosed by this record do not establish a tenancy of that character.

The terms and conditions under which the defendants originally went into the possession of the premises are not clearly disclosed by the proof.

William Dewees had no wife or children; he was advanced in years, and had become enfeebled in body and impaired in mind, from the habitual use of intoxicating liquors. Several years before Dewees died the defendants moved into the house on the premises occupied by him, and from that time until Dewees died they resided in the house with him, and took care of him; no rent appears to have been paid, nor does the proof show an agreement to pay rent, neither does it appear that a term was agreed upon.

Under these circumstances, can the defendants be regarded as tenants from year to year, and entitled to notice to quit?

The reservation of an annual rent is the leading circumstance that turns leases for uncertain terms into leases from year to year. If the tenant be placed on the land without any terms prescribed or rent reserved, and as a mere occupier, he is strictly a tenant at will. 4 Kent, 114.

The same principle is recognized in *Cox* v. *Burt*, 15 E. C. L. 410.

The same doctrine is announced in Adams on Ejectment, 120, where it is said, "In all cases already mentioned the mode of acknowledging the tenancy was by the payment and receipt of rent, which, indeed, is the common evidence in cases of this nature."

In *Dunne* v. *Trustees of Schools*, 39 Ill. 578, it was held, in order to constitute a tenancy from year to year there should be a stipulation to pay rent, or an actual payment of rent to the lessor, and a term agreed upon.

Without a clear departure from the rule announced, which is believed to be in harmony with the current of authorities on the subject, we can not hold that the defendants were ten-

ants from year to year, and entitled to notice to quit. But, on the other hand, they were mere tenants at the will of the owner, and the demand of possession before action brought, terminated the tenancy without any formal notice to quit, as held in *Nicholl* v. *McKeag*, 21 E. C. L. 154, and *Dunne* v. *Trustees of Schools, supra.*

But even if the defendants were to be regarded as tenants from year to year, when, after the death of Dewees, they denied the tenancy and claimed to own the fee, this would dispense with notice. *Haverly* v. *French*, 3 Wend. 337.

It would seem to be apparent that a notice to quit could not be required unless the relation of landlord and tenant existed, and when the defendants, as in this case, expressly repudiated the tenancy and set up that they owned the fee, they, for whose benefit a notice is required, may be regarded as occupying a position in which they have dispensed with notice. *Jackson* v. *Deyo*, 3 Johns. 421; *Livingston* v. *Bryan*, 1 Johns. 322.

Under any view, therefore, that we have been able to take of the case, the defendants were not entitled to notice to quit.

This brings us to a consideration of the second branch of the defense.

When the plaintiffs established title in Dewees, and proved his death, and that they were his legal heirs, they were entitled to recover, unless the defendants, who claimed from a common source, established a legal title emanating from Dewees in his lifetime; a mere equity in the defendants would not defeat the title established by the plaintiffs, in an action at law.

Where a person has purchased lands under a contract and has been let into possession, and has fully performed on his part, such facts may constitute a defense in an action of ejectment brought by the vendor, as was held in *Stow* v. *Russell*, 36 Ill. 18, *Staley* v. *Murphy*, 47 Ill. 241. and other like cases.

But the defense relied upon here is entirely different. The evidence shows that there had been a verbal promise made by William Dewees to give the land to the defendants for taking

care of him, but no deed or written contract had ever been executed.

The facts proven could do no more than establish an equity in the defendants, which could not prevail, in an action at law, as against the legal title.

In *Wales* v. *Bogue*, 31 Ill. 464, it is said, There is no rule of practice better settled than that an equitable title forms no bar to a recovery in ejectment. In that trial the legal rights alone can be considered.

See, also, *Franklin* v. *Palmer*, 50 Ill. 202.

Even if a valid and subsisting contract was entered into between William Dewees and the defendants, by which they were to render him certain service, and in consideration thereof he was to convey the lands to them, they must resort to a court of equity, where the contract can be established and the proper relief be obtained.

By filing a proper bill the action of ejectment may be enjoined and the rights of the parties fairly and fully adjudicated before the chancellor.

But under the evidence before the court, in the action at law, we are of opinion that the plaintiffs were entitled to recover.

The judgment will, therefore, be reversed and the cause remanded.

*Judgment reversed.*