### ADAM ZILCH

*v.*

### DAVID YOUNG *et al.*

*Opinion filed February 19, 1900.*

1. COLOR OF TITLE—*deed misdescribing land is not color of title.* A deed misdescribing land is not color of title to land not included in the description, and in case of subsequent correction of the description can be regarded as color only from date of correction.

2. LANDLORD AND TENANT—*what facts create a tenancy at will.* One who enters upon land of another under permission to pile lumber for a house, and who afterward begins the erection of his house on the land, becomes a tenant at will, if the owner, on discovering the facts, makes no objection to the building of the house.

3. EJECTMENT—*tenant at will is entitled to demand for possession.* In order that ejectment may be maintained against a tenant at will it must appear that demand for possession was made prior to suit.

APPEAL from the Circuit Court of Fulton county; the Hon. JOHN A. GRAY, Judge, presiding.

This is an action of ejectment, brought by the appellant against the appellees to obtain possession of five acres of land in Fulton county. The declaration describes the property as follows: "Five acres off the west side of the north three-fourths of the south-east quarter of the south-east quarter of section 20, township 7 north of the base line, range 2, east of the fourth principal meridian." The defendants below filed a plea of the general issue, and the cause was tried before the court and a jury. Upon motion of counsel for the defendants below, appellees

here, the jury were instructed by the court to find the issues for the defendants. The jury thereupon returned a verdict, finding the defendants not guilty. After over-ruling motions for a new trial and in arrest of judgment, the court entered judgment in accordance with the verdict of the jury and for costs against the plaintiff below, appellant here. The present appeal is prosecuted from such judgment.

MEREDITH WALKER, and FRED H. SNYDER, for appellant.

CHIPERFIELD, GRANT & CHIPERFIELD, for appellees.

. Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Appellant did not prove upon the trial in the court below, that he was the owner of the government or paramount title to the premises in controversy. Nor did he show that he had been in adverse possession of the premises for a period of twenty years, so as to establish title under the twenty years' limitation law.

The main ground, upon which appellant sought to establish his right to recover, was possession and payment of taxes for seven successive years under claim and color of title under section 6 of the Limitation law. The instrument, relied upon by him as color of title, was a deed, dated June 9, 1877, executed to him by one David Myers. This deed from Myers described the premises therein conveyed as "five acres off the west side of the north three-fourths of the south-east quarter of section twenty (20)," etc. It will be observed, that the premises described in the deed, relied upon as color of title, are not the same as the premises described in the declaration and sought to be recovered in this suit. The premises described in the declaration are "five acres off the west side of the north three-fourths of the south-east quarter of the south-

east quarter of section 20," while the premises, described in the deed made by Myers, are "five acres off the west side of the north three-fourths of the south-east quarter of section 20," etc. The premises described in the declaration and those described in the color of title are entirely different tracts of ground, and one description does not include the other. In view of this difference in the descriptions, the deed relied upon by the appellant as color of title was insufficient. It is well settled, that a deed, to constitute color of title, must purport to convey title to the land, of which it is claimed to be color of title. (*Perry* v. *Burton,* 111 Ill. 138, and cases there referred to). Inasmuch as appellant failed to introduce any instrument, which was a legal and sufficient color of title, it is unnecessary to consider the question whether or not payment of taxes and possession for seven years were established by the evidence.

It is claimed, however, by the appellant that he introduced evidence of a subsequent correction of the mistake, which was made in the description of the premises conveyed by the deed from Myers to himself. Myers held title under a master's deed, executed to him as purchaser at a master's sale under a decree entered in a partition proceeding, instituted in the year 1875, by the appellant as complainant against one Jacob Zilch and others. The same mistake, however, was made in the description of the premises in the partition proceedings, and in the master's deed executed in pursuance thereof to Myers.

To show the correction of the mistake, appellant introduced in evidence a decree, entered by the circuit court of Fulton county on October 10, 1898, in a certain proceeding brought by the appellant against Eliza Melvin and others, wherein it was ordered, that the said description should be corrected and reformed, so as to describe the premises as they are described in the declaration herein. The decree of reformation thus introduced did not cure the defect.

A deed, which incorrectly describes land intended to be conveyed, is not color of title, and, if made color of title by a subsequent deed, or proceeding, correcting the mistake, can only be regarded as color of title from the date of the correction. In *Weaver* v. *Wilson*, 48 Ill. 125, we held that where a purchaser of land receives a deed, which, by mistake, mis-describes the land, and afterwards the vendor corrects the mistake by executing a deed for the land actually sold, the grantee can claim color of title only from the date of the last deed, the first deed not being color of title as it did not purport to convey the land actually sold. Here, the mistake was not corrected until October 10, 1898, and it is not contended that, after that time, appellant was in possession of the premises and paid the taxes for seven successive years before the beginning of this suit.

It is still further claimed by the appellant, however, that he is entitled to a recovery in this case upon the alleged ground, that he showed a possession of the premises in question prior to the possession of appellees; and he invokes the general doctrine, that a prior possession for less than twenty years is *prima facie* evidence of title, and will authorize a recovery in ejectment as against a mere intruder or trespasser. (*Riverside Co.* v. *Townshend*, 120 Ill. 9). The evidence tends to show, that the appellee, David Young, took possession of the five acres in question in the spring of 1895, and that, prior thereto, during a period of less than twenty years, the appellant had made use of the five acres for the purposes of a pasture. It cannot be said, however, that the appellees entered into possession of the premises as trespassers or intruders.

David Young, one of the appellees, was a relative of the appellant, and owned a piece of land just west of the five acres in question. Young's land was low and marshy, and liable to overflow in high water by the Spoon river. Young was about to build a house, and

asked permission of the appellant to load some of his lumber upon the five acres in question. He was permitted to do so, and piled his lumber upon the five acres. Subsequently, however, he proceeded to build his house upon the five acres. Appellant states, in his testimony, that he never knew of Young's intention to put his house upon these premises until the foundation thereof was laid. Appellant says that, when he discovered that the foundation had been laid, he did not object, but permitted Young to go on with his house, although he did not originally give him the privilege of putting it upon the five acres.

Under the facts thus stated, the appellee, David Young, was at least a tenant at will, if nothing more. One, who is placed on land without a term prescribed, or without any terms prescribed or rent reserved, but as a mere occupier, is a tenant at will. (4 Kent, 114; *Herrell v. Sizeland,* 81 Ill. 457; 12 Am. & Eng. Ency. of Law,— 1st ed.—p. 671). Where there is a tenancy at will, there must be a demand of possession before action is brought, in order to terminate the tenancy. While a tenant at will may not, apart from any statute on the subject, be entitled to technical notice before an action of ejectment is begun against him, it must at least appear that a demand of possession has been made of him. (*Herrell* v. *Sizeland, supra;* 10 Am. & Eng. Ency. of Law,—2d ed.— pp. 508, 509, and notes). In the case at bar, no proof whatever was introduced showing that any demand for possession of the premises was ever made upon the appellees before this action of ejectment was instituted.

In any aspect of the case, it must be held that the court below committed no error in holding that the appellant was not entitled to recover, and in instructing the jury to find the appellees not guilty.

Accordingly, the judgment of the circuit court is affirmed.                    *Judgment affirmed.*