Carl Hansen, Plaintiff in Error, v. David A. Stein, David B. Falter and Louis H. Kohn, survivors of Max Ederheimer, lately trading as Ederheimer, Stein & Company, Defendants in Error.

Gen. No. 21,570.

1. LANDLORD AND TENANT, § 95*—*who are tenants from month to month.* Tenants of a building pending negotiation for a lease for years, rental payable monthly, *held* tenants from month to month, and liable for use and occupation.

2. EVIDENCE, § 44*—*presumption as to repair and improvement of premises for tenant's own benefit.* A tenant is presumed to repair and improve the premises for his own benefit.

3. LANDLORD AND TENANT, § 223*—*when landlord not liable for improvements.* In an action for use and occupation, *held* that the defendants could not counterclaim for the value of improvements placed on the premises by them where they did not contend that the landlord did anything more than assent to the improvements nor that they were to the betterment of the premises.

4. LANDLORD AND TENANT, § 456*—*when right of abandonment waived.* Where tenants continued two months in possession of premises after the refusal of the landlord to execute a lease in writing, as the tenants claimed he had promised to do, *held* that though such refusal be regarded as a constructive eviction, the tenants' remaining in possession amounted to a waiver of the right of abandonment.

5. LANDLORD AND TENANT, § 223*—*when landlord not liable for improvements.* In an action for use and occupation of premises, *held* that the tenants could not counterclaim for damages for the value of improvements placed on the premises by them on their own initiative where they remained in possession of the premises two months after the landlord had refused to execute a written lease in accordance with his alleged promise to do so.

6. APPEAL AND ERROR—*when presentation of propositions of law not necessary for purpose of review.* The presentation to the trial court of propositions of law is not necessary in order to permit the Appellate Court to determine whether or not evidence presented tends to support a cause of action.

7. ASSUMPSIT, ACTION OF—*what is measure of damages for use and occupation of premises.* The measure of damages for use and occupation of premises is the reasonable rental value thereof.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the Municipal Court of Chicago; the Hon. DENNIS W. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and judgment here with finding of fact. Opinion filed October 10, 1916.

WALTHER & LANAGHEN, for plaintiff in error; WALTER S. HULL, of counsel.

SILBER, ISAACS, SILBER & WOLEY, for defendants in error.

MR. JUSTICE McGOORTY delivered the opinion of the court.

Plaintiff in error brought suit against defendants in error for $500 for use and occupancy of certain premises. Defendants in error, in addition to an affidavit of merits, filed a set-off alleging, in substance, that because of plaintiff's wrongful refusal (a) to execute and deliver a lease to defendants, (b) to accept payment of rent tendered by defendants and (c) to recognize the relationship of landlord and tenant as existing between them, defendants were compelled to move from the premises in question and thereby suffered loss and damage in the sum of $999, by reason of moneys expended by defendants in fitting up said premises for use as a tailor shop. Trial by jury was waived, resulting in a finding of the issues in favor of defendants and judgment for $46 on defendants' set-off. Plaintiff contends that the judgment of the court below should be reversed and judgment entered here in favor of plaintiff for $500.

The principal question for our determination is, does the evidence in support of defendants' counterclaim or set-off for damages support a cause of action? It is admitted that defendants entered into possession of said premises and made repairs or changes therein, with the consent of plaintiff, and under a verbal agreement with him for a written lease of said premises for

a period of three years, at $125 per month, commencing May 1, 1913.

On June 5, 1913, in pursuance to such verbal agreement, plaintiff submitted to defendants a written form of lease, therein limiting the use of said premises to a tailor shop. Defendants did not sign such lease, but presented to plaintiff a form of lease prepared by them, which provided that said premises might be used for any lawful purpose. Plaintiff refused to sign such lease, and, on June 24, 1913, a third form of lease was submitted by defendants to plaintiff containing modified provisions as to the use of the premises and other covenants contained in the original lease prepared by plaintiff, which modifications, the evidence tends to show, were verbally agreed upon by and between the respective parties. The plaintiff, however, refused either to sign such lease or to accept tender of payment of rent made by defendants, in accordance with said verbal agreement. Defendants continued in possession until August 30, 1913, when they vacated said premises.

During June, 1913, while the defendants were engaged in fitting said premises for their use, plaintiff demanded that certain electrical equipment installed in said premises by nonunion workmen employed by defendants be torn out, or that defendants pay $100 in settlement of labor troubles that ensued (including a strike) in the building in question. Defendants refused to accede to either of plaintiff's said demands, and the evidence tends to show that because of such refusal, plaintiff refused to execute the written lease to defendants, last referred to.

Pending negotiations for a written lease, defendants were only tenants from month to month and liable to plaintiff for rent for use and occupancy of said premises.

"The rule is well settled that the wrongful act of the landlord does not debar him from a recovery of

rent, unless the tenant by such act has been deprived in whole or in part of the possession, either actually or constructively, or the premises rendered useless." *Rubens v. Hill,* 213 Ill. 523-543.

There was no meeting of the minds of the parties at any time as to remunerating defendants for the changes or repairs made by them on said premises during their occupancy thereof. It is a well-settled rule of law that:

"A landlord is not liable to his tenant for the value of improvements voluntarily made by the latter, in the absence of an agreement creating such liability; the tenant's right extending no further than that of removal of them before the expiration of his term." 24 Cyc. 1104. *Bedford v. Bedford,* 136 Ill. 354-362.

The tenant is presumed to repair and improve for his own benefit. *Gocio v. Day,* 51 Ark. 46.

It has been held that a special promise may be implied from conduct, and that if the landlord leads the tenant to believe that the value of the improvements he may thereafter put upon the premises will be deducted from the rent, a contract to do so may be implied. *Dunn v. Bagby,* 88 N. C. 91. It has also been held that if improvements are made with the assent of the landlord, *and for his benefit,* the law will imply an obligation to pay for them.

"Merely standing by without objecting will not suffice; there must be some act and encouragement from the landlord, to entitle the tenant to charge the landlord." *Cornell v. Vanartsdalen,* 4 Pa. St. 364-373.

It is not contended here that the plaintiff did more than assent to the changes made in said premises by defendants, nor that such changes were to the betterment of said premises. In *Yates v. Bachley,* 33 Wis. 185, the judgment of the County Court was reversed because the judge instructed the jury that if there was an agreement for a lease for a term of years, under which the defendant went into possession of the premises, and if the plaintiff refused to execute such lease,

the defendant might recover the value of such improvements on the faith of such agreement. The Supreme Court held that the mere refusal to execute the lease was not alone sufficient, and that no recovery could be had for the improvements unless the defendant had been evicted from the premises.

In the instant case the defendants continued in possession nearly two months following plaintiff's refusal to execute the written lease last submitted to him by defendants. Even if such refusal on the part of plaintiff should be regarded as a constructive eviction, as contended by defendants' counsel, the possession retained by defendants after such alleged eviction constituted a waiver of the right of abandonment. *Barrett v. Boddie,* 158 Ill. 479. No constructive evic-·tion exists without surrender· of possession. *Leiferman v. Osten,* 167 Ill. 93.

We are of opinion that defendants' counterclaim for damages does not constitute a cause of action and that the evidence in support thereof was improperly admitted. No propositions of law were presented to the trial court, and none are necessary to permit this court to determine whether or not the evidence presented tends to support a cause of action. Under the evidence the plaintiff is entitled to recover from defendants the reasonable rental value of the premises in question during the period of defendants' use and occupancy thereof, viz., June, July and August, respectively, 1913. There is evidence tending to show that such reasonable rental value is $125 per month, which was the sum agreed upon by the parties, and tendered to plaintiff by defendants, under their agreement for a written lease. The finding and judgment of the Municipal Court is reversed, with a finding of the issues and judgment here in favor of plaintiff in the sum of $375.

*Judgment reversed and judgment here with finding of fact.*

Finding of fact. We find that there was no agreement, express or implied, on the part of plaintiff in error to pay defendants in error for expenditures in way of repair of the premises in question, and no binding written contract for a lease of said premises, and that the reasonable rental value thereof for the time they were occupied by defendants in error is $375.