## William R. Faribault et al., Executors, Appellants, v. Ulysses G. Grundon and Emma T. Grundon, Appellees.

1. BILLS AND NOTES—*what is prima facie proof of ownership.* Where, in an action by executors for the balance due on a note indorsed in blank, it was claimed that there was no proof that the note was owned by the indorsee at her death, the fact that such note was produced by the executors of the will of said indorsee was prima facie proof that it was found among the papers of the decedent and that she was the owner thereof at her death; or at least that at the time of instituting suit her legal representatives who brought suit owned it.

2. BILLS AND NOTES—*consideration of profits on sale of property taken in part payment.* The maker of a note which was secured by a trust deed on property in a foreign State, empowering the trustees in the event of a sale thereunder to execute to the purchaser a deed in fee simple, was not, in an action to recover the balance due over the amount realized at the sale under the deed, entitled to an accounting from the owner of the note who purchased at the sale, for the profit realized on a subsequent sale.

3. APPEAL AND ERROR—*right to refer to record to ascertain holding of court.* Although the Appellate Court could not in the absence of propositions of law question the correctness of the rulings of the trial court on the evidence, yet it could refer to the record

to ascertain what the court in fact held as to the evidence, and to determine whether or not the evidence presented tended to support a cause of action.

Appeal from the Circuit Court of Wabash county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded. Opinion filed March 30, 1921.

HOWARD P. FRENCH, for appellants.

E. B. GREEN and THEODORE G. RISLEY, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On August 25, 1914, Ulysses G. Grundon and Emma T. Grundon, his wife, executed to William R. Faribault of St. Louis, Missouri, their promissory note for $4,500 due in 3 years after date, with interest at the rate of 8 per cent per annum, and, to secure the payment of same, executed a trust deed on certain property in St. Louis, Missouri, in which Carl Otto was named as trustee. Carl Otto afterwards died and Richard T. Brownrigg was appointed his successor in trust. In February, 1918, default having been made in the payment of the note and interest, the property was sold under the trust deed for $3,000, and after the payment of the costs and accrued interest, a balance of $2,611.86 remained, which was applied on the principal of the note.

This is a suit in assumpsit to recover the balance of the principal of the note with interest and was instituted by William R. Faribault and Frederick G. Zeibig, executors of the estate of Mary H. Lucas, deceased, against said Ulysses G. Grundon and Emma T. Grundon. The defendants filed the general issue and a special plea of payment. On trial before the court without a jury, the issues were found in favor of the defendants and judgment entered against plaintiffs for costs. This appeal was perfected by the

plaintiffs below to reverse that judgment. On the trial appellants offered in evidence the original note, on the back of which credit was given for said $2,611.86 under the signature of "Richard T. Brownrigg, Successor Trustee," and there was also the following indorsement "without recourse on me, Wm. R. Faribault, St. Louis, February 4th, 1918." To the introduction of this note appellees objected upon the grounds of the fatal variance between the note and the indorsement thereof and the declaration, whereupon the court ruled that the note should be introduced in evidence subject to the objection with the reservation that it might later be rejected. Appellants also introduced in evidence as their "Exhibit B" a certified copy of letters testamentary appointing William R. Faribault and Frederick G. Zeibig executors of the estate of Mary H. Lucas, deceased, in the probate court of the City of St. Louis. Appellees introduced in evidence the original trust deed, and the deed from the successor in trust therein to "William R. Faribault and Frederick G. Zeibig, Trustees," conveying to them the property covered by the trust deed for the sum of $3,000. This deed, which is dated February 19, 1918, states that the sale was held on the 4th day of February, 1918, and recites in detail that it was held in all respects in compliance with the terms and provisions of the original trust deed. Appellees also introduced in evidence a deed dated June 16, 1919, whereby William R. Faribault and Frederick G. Zeibig, trustees, conveyed the premises covered by the trust deed to Alexander Singer and Regina Singer for a consideration of $4,750. Appellee Ulysses G. Grundon testified that the fair market value of the property covered by the trust deed was $7,000 or $7,500 on February 4, 1918. The date of the death of Mary H. Lucas was not shown, but it is apparent from the date of the copy of letters testamentary that she died prior to February 4, 1918, the date of the sale under

the trust deed. Neither was it shown for whom William R. Faribault and Frederick G. Zeibig were acting as trustees for the property named in the deed made pursuant to the sale under the original trust deed, but as they are the same persons in name as the executors who are appellants here, they may be safely assumed to have been acting as trustees for the estate of Mary H. Lucas, deceased.

It appears to be the contention of appellees that since the indorsement on the note was in blank, there is no proof that the note was owned by Mary H. Lucas at her death, or at the time of the institution of this suit was owned by her estate, and they also insist that their proof shows that the trustees for her estate who bought the land at the sale under the trust deed have sold it for more than the amount due on the note, and the note is therefore paid in full. The fact that the note was produced by the executors of the will of Mary H. Lucas and offered by them in evidence is prima facie proof that it was found among the papers of the deceased, and that she was at her death the owner thereof, or at least that at the time of the institution of this suit it was owned by her legal representatives who bring this action. The original trust deed empowered the trustees therein in the event of a sale thereunder to execute to the purchaser "a deed in fee simple" of the property. If a party other than the owner of the note had purchased the property at such sale there could be no question but that such party would have become the owner in fee simple thereof, and could not be compelled to account to the makers of the note for any profits he might realize on a resale of the property. If the owners of the note became the purchaser at such sale they would, in our opinion, occupy the same position as a third party, and the sale of the property for more than the amount bid at the sale would not entitle the maker of the note to have this excess credited upon the un-

paid balance of the note any more than if the property had been purchased by a third party. Again, from all that appears in this case, the purchasers at that sale may have made extensive and valuable improvements upon the property between the time of the purchase and the sale thereof. The facts therefore fail to show payment of the unpaid balance of the note in question.

It is further contended that no propositions of law were submitted to the trial court, and that this court cannot therefore review the correctness of the trial court's rulings on the evidence. Even though it were true that we cannot in the absence of propositions of law question the correctness of the trial court's rulings on the evidence, yet we can refer to the record to ascertain what the court in fact held as to the evidence and to determine whether or not the evidence presented tends to support a cause of action. (*Hansen v. Stein,* 201 Ill. App. 501.) As to the admissibility of the note, we find that the court made the ruling above set forth admitting the note subject to the objections, reserving the power to reject it later. We do not find that the court did subsequently reject it, so for the purpose of this suit the note remained in evidence. We are of the opinion that the introduction of the note showing an unpaid balance was sufficient prima facie proof to sustain appellants' right of action and that the introduction by the appellees of the deeds above mentioned showing the purchase of the property at the trustee's sale, and the sale of the same thereafter by the purchasers at such sale for $4,750, is no proof of the payment of the unpaid balance on the note.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*