In re VICTORY PIPE CRAFTSMEN, INC., Debtor.

308 WEST RANDOLPH BUILDING VENTURE, Plaintiff,

v.

VICTORY PIPE CRAFTSMEN, INC., Defendant.

Bankruptcy No. 80 B 11111.

United States Bankruptcy Court, N. D. Illinois, E. D.

Feb. 3, 1981.

Daniel K. Robin, Rotman, Medansky & Elovitz, Ltd., Chicago, Ill., for debtor.

Norman Hanfling, Swanson, Ross, Hanfling & Block, Chicago, Ill., for plaintiff.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

308 West Randolph Building Venture (hereinafter 'plaintiff') filed a complaint to modify the automatic stay imposed by 11 U.S.C. § 362(a) and debtor replied with a motion to dismiss said complaint. Plaintiff subsequently filed a motion for adequate protection under 11 U.S.C. § 363(e) and debtor filed an answer to the motion setting forth three affirmative defenses. On December 23, 1980 a hearing was held on the motion and complaint. Post-trial briefs were subsequently filed.

Plaintiff is a joint venture, or partnership, composed of three individual partners. One of the individual partners, Victory Pipe Craftsmen, is composed of three individuals, Elliot Silber, Stuart Silber and Barbara Kanter. (See Defendant's Exhibit # 1, Partnership Agreement § 1.2). Sometime after signing the partnership agreement, Victory Pipe Craftsmen incorporated itself under the name of Victory Pipe Craftsmen, Inc. Therefore, plaintiff and defendant-debtor are partners in a joint venture.

The joint venture acquired property at 308 West Randolph Street, Chicago, Illinois for investment purposes. The partnership agreement states that "Victory Pipe Craftsmen ... *may lease* space from the partnership." (Defendant Exhibit # 1, § 1.1, emphasis added). The agreement was signed in December 1977 and debtor took possession of the first floor of the partnership property on or about January 1, 1978. Debtor has occupied the premises since January 1978, paying a monthly rental of $2,763.00. No written lease exists between debtor and lessor, though negotiations concerning a lease occurred for almost two years. When lease negotiations proved fruitless, plaintiff gave debtor notice that their occupancy of the premises was terminated and a forcible entry and detainer action was filed against debtor in state court. Debtor then filed a Chapter 11 petition effectively staying any further action in state court on the forcible entry and detainer proceeding.

Plaintiff contends that since no lease was executed, debtor occupied the premises on a month-to-month basis and said tenancy was terminated by notice. Plaintiff contends the fair market rental of the premises is $5,000 per month. Debtor argues that the premises are essential for its rehabilitation, that the fair market rental has been agreed upon in negotiations and that debtor has a proprietary interest in the premises by virtue of the partnership agreement.

The threshold issue is whether or not the debtor has a right of possession in the premises. The evidence shows that no lease was executed. The evidence also shows that during negotiations many proposed leases changed hands with the annual rent for 1981 always being $33,000, and the annual rent for 1982 always being $36,000. However, none of the proposed leases were ever executed. There was no clear evidence as to why the parties could not agree on a written lease.

■ The evidence does show that the parties tried to execute written leases but failed to do so. Debtor occupied the premises without a definite written agreement

as to the duration of the term or the annual rental. Therefore, debtor occupied the premises under an oral lease. Since the oral lease ran for more than a year after its making it was unenforceable under the Statute of Frauds. The Statute of Frauds also applies to an oral contract to execute a written lease. *Illinois Law and Practice, Frauds, Statute of § 54.* Where an oral agreement for a tenancy is unenforceable because of the Statute of Frauds, the oral agreement results in a month-to-month tenancy. *Luster v. Estate of Cohon,* 11 Ill. App.3d 608, 297 N.E.2d 335 (abstract of decision) (1973).

■ In a case similar to the instant case, tenants had possession under a verbal agreement to enter into a written lease. The verbal agreement explicitly defined the duration of the tenancy, the starting date of the tenancy, the monthly rent and the lessor submitted written leases to the tenant which the tenant refused to sign. The court held that: "Pending negotiations for a written lease, defendants were only tenants from month to month." *Hansen v. Stein et al.,* 201 Ill.App. 501 at 503 (1916). Other courts have held that:

> If a tenant be placed on the land without any terms prescribed or rent received and as a mere occupier, he is strictly a tenant at will.

*Herrell et al. v. Sizeland et al.,* 81 Ill. 457 at 459 (1876). *See also Dunne v. Trustees of Schools,* 39 Ill. 578 (1864). Based on the above Illinois authorities, this court holds that debtor herein had the rights, at best, of a month-to-month tenant. Debtor's tenancy was properly terminated when the plaintiff gave notice of termination. Therefore, debtor had no rights in the premises on August 29, 1980 when debtor filed his Chapter 11 petition for relief and the occupied premises were not property of the estate.

Several recent bankruptcy cases have considered the issue of what happens to the debtor's interest in leased premises when the lease agreement is terminated before

the bankruptcy petition is filed.* All of these cases have held that where a lease is terminated before the bankruptcy petition is filed, the debtor has no interest in the leasehold which can be protected by the bankruptcy court.

The courts are generally loathe to resurrect a lease terminated before a bankruptcy petition is filed. The most convincing rationale advanced by these courts is based upon an overall view of the Bankruptcy Code's handling of leases. Under 11 U.S.C. § 365(b)(1) a trustee or debtor-in-possession may assume an *unexpired* lease if the trustee meets the three requirements of 11 U.S.C. § 365(b)(1)(A), (B) and (C). This court agrees with those cases which have concluded that if the lease has been validly terminated, there is nothing for the debtor to assume. Therefore, relief from the automatic stay is justified.

In the instant case, the debtor had no lease. The debtor was at best a month-to-month tenant. Said tenancy was validly terminated by one month's advance notice of termination for *whatever* reason the landlord desired. The debtor might also be viewed as a tenant at will or a tenant at sufferance whereby the tenancy can be terminated immediately without notice of any kind.

The evidence shows that the premises are essential for the rehabilitation of the debtor but as discussed above, the debtor has no interest in the premises which this court can *recognize or protect.* If the debtor wishes to remain in possession of the premises, it must negotiate and execute a written lease agreeable to the plaintiff.

 Finally, debtor's contention that the partnership agreement grants debtor a proprietary interest in the premises is without merit. The partnership agreement states that: "It is *contemplated that* Victory Pipe Craftsmen will rent space on the first floor ..." (Defendant Exhibit # 1, § 7.1 partnership agreement (emphasis added)). An-

other section indicated that: "... Victory Pipe Craftsmen ... *may* lease space from the Partnership...." (Defendant Exhibit # 1, § 1.1 (emphasis added)). The evidence fails to show that the agreement granted debtor a proprietary interest in the currently occupied premises.

THEREFORE, THIS COURT RULES that debtor's motion to dismiss plaintiff's complaint to modify the automatic stay is hereby denied.

THE COURT FURTHER ORDERS that the complaint to modify the automatic stay is hereby granted and said stay is hereby lifted.

---

* *In the Matter of GSVC Restaurant Corp.,* 3 B.R. 491, 6 B.C.D. 134 (Bkrtcy., D.C.S.D.N.Y.1980); *In re Aries Enterprises, Limited,* 3 B.R. 472, 6 B.C.D. 280 (Bkrtcy., D.C.1980); *In the Matter* *of Racing Wheels, Inc.,* 5 B.R. 309, 6 B.C.D. 719 (Bkrtcy., M.D.Fla.1980); *In the Matters of Mimi's of Atlanta, Inc.,* 5 B.R. 623, 6 B.C.D. 807 (Bkrtcy., N.D.Ga.1980).