07-1508-bk
Adams v. Marwil (In Re: Bayou Group, LLC)

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2008

(Argued: September 17, 2008                Decided: May 1, 2009)

Docket No. 07-1508-bk

--------------------------------------------------------x

IN RE: BAYOU GROUP, LLC,

Debtor.

--------------------------------------------------------x

DIANA G. ADAMS, United States Trustee,

Appellant,

-- v. --

RECEIVER JEFF J. MARWIL, for the Bayou Group Official Committee of Unsecured Creditors, and BAYOU GROUP, LLC,

Appellees.[*]

--------------------------------------------------------x

B e f o r e :  WALKER, KATZMANN, GIBSON,[**] Circuit Judges.

Appeal by the United States Trustee from a judgment entered in the United States District Court for the Southern District of New York (Colleen McMahon, Judge), affirming a decision of the United States Bankruptcy Court for the Southern District of New

---

[*]  The Clerk of Court is directed to amend the official caption as set forth above.

[**]  The Honorable John R. Gibson, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

York (Adlai S. Hardin, Bankruptcy Judge) rejecting the United States Trustee's petition to appoint a trustee to manage the debtor. We hold that the district court did not err in denying the United States Trustee's appeal from the bankruptcy court's decision, where the district court had already appointed new management of the debtor and the United States Trustee showed no cause for removal of this management.

AFFIRMED.

MICHAEL E. ROBINSON, (William Kanter, of counsel), Attorneys, Appellate Staff, Civil Division, Department of Justice, Washington, D.C., (Peter D. Keisler, Assistant Attorney General, Ross E. Morrison, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., (Roberta A. DeAngelis, Acting General Counsel, Walter W. Theus, Jr., Department of Justice Executive Office for United States Trustees, Lisa L. Lambert, Assistant United States Trustee, of counsel), for Appellant.

GARY J. MENNITT, (H. Jeffrey Schwartz, Elise Scherr Frejka, Jonathan D. Perry, of counsel), Dechert LLP, New York, N.Y., for Appellee Bayou Group LLC et al.

RICHARD A. KIRBY, (Scott P.

Lindsay, Maria Goodman, of counsel), Kirkpatrick & Lockhart Preston Gates Ellis LLP, Washington, D.C., for Appellee Official Committee of Unsecured Creditors.

JOHN M. WALKER, JR., Circuit Judge:

Appellant Diana G. Adams, United States Trustee (the "U.S. Trustee"), appeals from a judgment of the District Court for the Southern District of New York (Colleen McMahon, Judge) that affirmed a decision of the Bankruptcy Court (Adlai S. Hardin, Bankruptcy Judge) rejecting the U.S. Trustee's application under 11 U.S.C. § 1104 to appoint a trustee to manage the Bayou entities ("Bayou," or "the Bayou entities") after the Bayou entities filed for Chapter 11 protection. Prior to the bankruptcy, the district court had appointed Jeff J. Marwil ("Marwil") as receiver to manage Bayou. On appeal, the U.S. Trustee argues, as she did below, that Marwil's duties as receiver ended upon Bayou's filing for bankruptcy protection, and therefore the bankruptcy court should have appointed her as the trustee.

We agree with the district court that the bankruptcy court's pre-petition order effectively appointed Marwil as both receiver and manager of Bayou, and thus conclude that there was no management vacancy for the U.S. Trustee to fill. Because the U.S. Trustee has provided no reason, based on Marwil's performance or qualifications, to replace him, we affirm the

-3-

judgment of the district court that affirmed the bankruptcy court's denial of the U.S. Trustee's petition.

## BACKGROUND

The Bayou entities are a group of hedge funds and related entities that were operated as fraudulent schemes, and are now debtors-in-possession in Chapter 11 proceedings under the Bankruptcy Code. Following Bayou's collapse in August 2005, Bayou's managers pled guilty to various federal criminal fraud charges, and were ordered to forfeit Bayou's assets.

On March 27, 2006, the Unofficial On-Shore Creditors' Committee (the "Committee"), Bayou creditors holding more than $130 million in claims, sought to "mitigate the massive losses suffered by the creditors and others" through the appointment of a "federal equity receiver" to pursue the litigation claims. See Adams v. Marwil (In re Bayou Group, L.L.C.), 363 B.R. 674, 678 (S.D.N.Y. 2007) (internal quotation marks omitted). The Committee asked the district court to appoint Marwil as both "non-bankruptcy federal equity receiver and exclusive managing member" for the Bayou entities. Id. at 680 (internal quotation marks and emphasis omitted). Following a two-day hearing that fully discussed "the subject of [Bayou's] corporate governance,"

-4-

id. at 679-80, the district court, without objection,[1] entered an order (the "Order") "authoriz[ing], empower[ing], and direct[ing]" Marwil to perform a number of "duties and responsibilities," including the responsibility for "Corporate Governance." Order ¶ 7(e). Marwil was directed to be "the sole and exclusive managing member and representative of each of the Bayou Entities[,] [possessing] . . . without limitation, the authority to petition for protection under the Bankruptcy Code, 11 U.S.C. §§ 101 et seq." Id. The Order specified that the appointment was "warranted under Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 thereunder, state law claims of fraud and breach of a fiduciary duty, Federal Rule of Civil Procedure 66, and the facts and circumstances of this case." Id. at Introduction, ¶ 3. The Order further stated that the district court's authority to appoint Marwil was "[p]ursuant to 28 U.S.C. §§ 754 and 959, Federal Rule of Civil Procedure 66 and [the] [c]ourt's inherent authority." Id. ¶ 1.

Following the April 28 order, Marwil undertook his responsibilities as managing member of Bayou. On May 30, Marwil caused each Bayou entity to file a separate voluntary petition

---

[1] The United States received notice of the Committee's action, and witnessed the finalization of the Order. See Bayou, 363 B.R. at 678. Numerous government agencies attended the district court hearings, including the U.S. Attorney, the SEC, and the Commodity Futures Trading Commission. None objected to the terms of the Order, or to the appointment of Marwil. See id. at 680.

for relief under Chapter 11 of the Bankruptcy Code.  363 B.R. at 680.  Thereafter Marwil brought more than 125 adversary proceedings seeking disgorgement from redeeming investors that have resulted in excess of $20 million in recovered assets. Marwil's efforts have been endorsed by all of Bayou's creditors, including the Official Committee of Unsecured Creditors (the "Official Creditors' Committee"), which was organized by the U.S. Trustee shortly after Marwil's appointment.

On June 20, approximately eight weeks after Marwil's appointment, the U.S. Trustee moved in the bankruptcy court for an order appointing a Chapter 11 trustee to replace Marwil and oversee Bayou's bankruptcy proceedings.  The bankruptcy court orally denied the U.S. Trustee's motion, both as an impermissible collateral attack on the Order, and because the district court had appointed Marwil not only as receiver of the Bayou entities, but also as "new management of the[] debtors" with the authority and capacity to manage the bankruptcy proceedings as the debtor-in-possession.  363 B.R. at 682 (internal quotation marks omitted).  The bankruptcy court said:

> Mr. Marwil is not simply a custodian. . . .  [I]t is crystal clear that the purpose of Judge McMahon's order was to appoint somebody who was in fact and law the equivalent of a new board of directors, new CEO, new president, new CFO as a debtor-in-possession . . . .  [I]t is perfectly clear to me that he's really not just a receiver or a custodian

. . . .

Id. (alterations and second and third omissions in original, and internal quotation marks omitted).

On February 2, 2007, the district court, affirming the bankruptcy court, held that the Order "clearly contemplated appointing Marwil as both a receiver and as Bayou's corporate management," and that Marwil's "corporate management appointment was not merely derivative of his receivership appointment" but instead was made pursuant to "federal receivership statutes" as well as "federal securities law[s] and [the district] court's inherent authority." Id. at 683. The district court found that Marwil, as the "sole and exclusive managing member and representative of [Bayou]," had the "sole and exclusive power and authority to manage and direct the business and financial affairs of [Bayou], including without limitation, the authority to petition for protection under the Bankruptcy Code . . . and in connection therewith be and be deemed a debtor-in-possession for [Bayou]." Order ¶ 7(e). The district court further held that, by filing for bankruptcy, Marwil transformed his status from "corporate governor" to debtor-in-possession, and therefore, that Marwil was "under no obligation to turn over Bayou's property to a bankruptcy trustee." 363 B.R. at 687.

The U.S. Trustee then appealed to this court.

**DISCUSSION**

On appeal, the U.S. Trustee argues that the district court misinterpreted its own order by permitting Marwil to continue as managing member of Bayou after he caused the Bayou entities to file for Chapter 11 protection. According to the U.S. Trustee, "both the bankruptcy court and the district court were wrong to conclude that Marwil was not a 'custodian' merely because he had been granted the 'corporate governance powers' of a 'managing member and representative' of the Bayou Entities." Appellant Br. 18. The U.S. Trustee further contends that, because Marwil was only appointed by the district court to be the custodian of the Bayou entities, and because custodians are prohibited under the Bankruptcy Code from managing a debtor's property after commencement of a bankruptcy proceeding, see 11 U.S.C. § 543(a),[2] there was a "vacuum of lawful management" at Bayou to oversee the bankruptcy proceedings, Appellant Br. 9, and therefore,

_____

[2] Section 543(a) provides that:

> A custodian with knowledge of the commencement of a case under [the Bankruptcy Code] concerning the debtor may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents, or profits of such property, or property of the estate, in the possession, custody, or control of such custodian, except such action as is necessary to preserve such property.

11 U.S.C. § 543(a).

-8-

appointment of a bankruptcy trustee is necessary in this case. For the following reasons, we disagree.

## I.   Standard of Review

Where, as here, a district court acts in its capacity as an appellate court in a bankruptcy case, the district court's decisions are subject to plenary review by this court. Dairy Mart Convenience Stores, Inc. v. Nickel (In re Dairy Mart Convenience Stores, Inc.), 411 F.3d 367, 371 (2d Cir. 2005). We thus review independently the factual findings and legal conclusions of the bankruptcy court, accepting its findings of fact unless they are clearly erroneous and reviewing its conclusions of law de novo. Babitt v. Vebeliunas (In re Vebeliunas), 332 F.3d 85, 90 (2d Cir. 2003).

As an initial matter, the parties dispute whether the interpretation of the Order by the courts below constituted a finding of fact or conclusion of law. The U.S. Trustee claims that, because the case hinges on a legal interpretation of the Order, the bankruptcy and district court conclusions must be reviewed de novo, see Appellant Br. 11 (citing Lebovits v. Scheffel (In re Lehal Realty Assocs.), 101 F.3d 272, 276 (2d Cir. 1996)), while the Official Creditors' Committee asserts that the scope of Marwil's authority is a question of fact, reviewable under the clearly erroneous standard, see Br. of Appellee Official Committee of Unsecured Creditors in Opp'n ("Official

Creditors' Committee Br."), at 14-15 (citing <u>Fisher v. First Stamford Bank & Trust Co.</u>, 751 F.2d 519, 522 (2d Cir. 1984)). We have no need to resolve this dispute, however, because we agree with the determinations of the courts below.

**II.  Appointment Of A Trustee Is Not Warranted Under 11 U.S.C. § 1104(a).**

Upon request of the U.S. Trustee, "the court shall order the appointment of a trustee" to oversee Chapter 11 proceedings.  11 U.S.C. § 1104(a).  However, the court may appoint a trustee "only in certain circumstances."  <u>See Smart World Techs., LLC v. Juno Online Servs., Inc. (In re Smart World Techs., LLC)</u>, 423 F.3d 166, 174 n.10 (2d Cir. 2005).  Specifically, a trustee may only be appointed pursuant to a § 1104 motion "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management," or "if such appointment is in the interests of creditors."  11 U.S.C. § 1104(a)(1)-(2).

"[T]he standard for § 1104 appointment is very high . . . ." <u>In re Smart World</u>, 423 F.3d at 176; <u>see</u> <u>also</u> 7 <u>Collier on Bankruptcy</u>, ¶ 1104.02[2][a] (noting that appointment of a trustee in a Chapter 11 case is an "extraordinary" remedy).  The U.S. Trustee has the burden of showing by "clear and convincing evidence" that the appointment of a trustee is warranted.  <u>In re Adelphia Commc'ns Corp.</u>, 336 B.R. 610, 656 (Bankr. S.D.N.Y. 2006).  In determining whether a § 1104 appointment is warranted

or in the best interests of creditors, the bankruptcy court must bear in mind that the appointment of a trustee "may impose a substantial financial burden on a hard pressed debtor seeking relief under the Bankruptcy Code," by incurring the expenditure of "substantial administrative expenses" caused by further delay in the bankruptcy proceedings.  See Midlantic Nat'l Bank v. Anchorage Boat Sales, Inc. (In re Anchorage Boat Sales, Inc.), 4 B.R. 635, 644 (Bankr. S.D.N.Y. 1980).

In the instant case, the U.S. Trustee has not met the "very high" standard for a § 1104 appointment.  The U.S. Trustee has not attempted to show that Marwil has engaged in "fraud, dishonesty, incompetence, or gross mismanagement of" Bayou's affairs.  In fact, the record is quite to the contrary.  As Bayou's managing member, Marwil has brought more than 125 adversary proceedings and recovered more than $20 million for Bayou's creditors.  In her brief, the U.S. Trustee effectively concedes the absence of any reason to doubt Marwil's competence to manage Bayou's bankruptcy proceedings.  See Appellant Br. 25 ("It is also important to note that Marwil's service as a custodian, standing alone, did not automatically disqualify him from being appointed or elected as a Chapter 11 trustee."); see also Appellees Br. 15 n.6 (describing Marwil's extensive credentials and expertise in bankruptcy proceedings).  Section 1104 motions have been denied even where the U.S. Trustee has

-11-

demonstrated some potentially questionable conduct by existing management of a debtor, see In re North Star Contracting Corp., 128 B.R. 66, 69-70 (Bankr. S.D.N.Y. 1991); here, there is none.[3]

Nor has the U.S. Trustee shown, or even attempted to show, that the removal of Marwil is "in the interests of creditors." No creditor supports the motion,[4] and the Official Creditors' Committee, which first petitioned for Marwil's appointment, opposes it. While appellees have pointed out ways in which Marwil's removal would hamper the bankruptcy proceedings, see Appellees Br. 18-19, the U.S. Trustee has not indicated how replacing Marwil would facilitate them, see, e.g., In re North Star, 128 B.R. at 70 (denying appointment of trustee where creditors' committee supported continued operations by current management).

The U.S. Trustee's motion boils down to a claim that because the district court's order only appointed Marwil as custodian for

---

[3] The U.S. Trustee makes no attempt to impute the pre-petition fraudulent activity of Bayou's former management to Marwil. Such an imputation would be improper, as "[w]hen considering whether to appoint a trustee for cause, a court's focus is on the debtor's current management, not the misdeeds of past management." In re The 1031 Tax Group, LLC, 374 B.R. 78, 86 (Bankr. S.D.N.Y. 2007).

[4] Two original investors who withdrew all of their money out of Bayou before its collapse, and who were defendants in an adversary proceeding commenced by Marwil, were the only parties to file a statement in support of the U.S. Trustee's § 1104 motion. See Bayou, 363 B.R. at 681.

-12-

the Bayou entities, once Marwil caused Bayou to file for bankruptcy, Marwil's custodial relationship with Bayou ended as a matter of law and there was no manager to run the entities under Chapter 11.  The U.S. Trustee argues that, unless a trustee is appointed, Bayou lacks management to prosecute the bankruptcy proceedings.  We are not persuaded.

First, from a purely practical perspective, Bayou has been effectively managed since Marwil was appointed by the district court in April 2006.  The U.S. Trustee has produced no evidence that Marwil failed to fulfill this role either pre- or post-petition.  Thus, there has been no de facto management vacuum at Bayou.

Next, we agree with the district and bankruptcy courts that the Order appointed Marwil to be both Bayou's custodian and its corporate manager.  The Order provided Marwil with two hats – one as custodian, and one as "sole and exclusive" managing member of Bayou.  While Marwil's "custodian" hat came off upon commencement of the Chapter 11 proceedings, his "managing member" hat remained.  This dual role was specifically contemplated and intended by both the Committee in requesting Marwil's appointment, and the district court in granting it.[5]

_____

[5]    See Bayou, Apr. 18, 2006 Hearing Tr. at 33:7-34:20; id. at 10:22-12:20 ("We anticipate that there is likely to be a bankruptcy necessary for a number of the Bayou entities . . . . There is still nobody to represent the Bayou entities in that process and we believe the simplest way to go forward is to have

-13-

The U.S. Trustee next contends that, although the district court had the authority to provide Marwil with "management powers to run the affairs of" Bayou "prior to bankruptcy," it lacked the authority to appoint Marwil as bankruptcy receiver under federal law, and therefore, Marwil could not assume the responsibilities as bankruptcy receiver after filing a Chapter 11 petition. Cf. Eberhard v. Marcu, 530 F.3d 122, 132 (2d Cir. 2008) ("[R]eceivership should not be used as an alternative to bankruptcy . . . ."). However, Marwil's authority to manage the bankruptcy proceedings stems not from his position as "federal equity receiver" but from the language in the Order specifically appointing Marwil as Bayou's "sole and exclusive managing member," thereby vesting him with the authority to file and manage Bayou's bankruptcy proceedings. The district court plainly had authority to place Marwil in a management position from which he could file and manage a Chapter 11 petition. See SEC v. Manor Nursing Ctrs., Inc., 458 F.2d 1082, 1103 (2d Cir. 1972) ("[15 U.S.C. §§ 77v(a) and 78aa] confer general equity powers upon the district courts [to fashion remedies for securities laws violations]."); id. ("Once the equity jurisdiction of the district court has been properly invoked by a showing of a securities law violation, the court possesses the necessary power to fashion an appropriate remedy."). The award

[Marwil] . . . administer the bankruptcy.").

-14-

of such ancillary relief was fully within the district court's authority.

The U.S. Trustee also argues, for the first time in its reply, that the district court lacked authority to appoint Marwil because he is not authorized under Connecticut law to govern Bayou. This argument was made too late, and in any event, it is similarly unavailing. The district court's authority to appoint Marwil as corporate manager stemmed from its inherent authority to fashion remedies for violations of federal securities laws. Moreover, as the district court noted, it could have appointed Marwil as managing member of Bayou under Connecticut law, had it chosen to do so. See Bayou, 363 B.R. at 685-86 (citing Morrow v. Prestonworld, Inc., No. CV-445844S, 2002 WL 652369, at *6 (Conn. Super. Ct. Mar. 22, 2002) (appointing custodian of corporation and ordering that the "custodian shall exercise all the powers of the board of directors and officers of [the subject corporation] to the extent necessary to manage the affairs of the corporation in the best interests of its stockholders")).

Finally, we reject the U.S. Trustee's claim that allowing Marwil to prosecute Bayou's Chapter 11 proceedings "override[s] the scheme contemplated by the Bankruptcy Code by supplanting the authority of the U.S. Trustee in Chapter 11 cases." Appellant Br. 21. As the district court noted, "nothing in the Code . . . precluded [the Committee] from moving th[e] court to appoint

-15-

corporate governance for the Bayou entities, pre-petition." 363 B.R. at 690. Marwil's appointment was within both the spirit and letter of the Bankruptcy Code, which contemplates appointment of a trustee under circumstances not present in this case. Should questions of malfeasance or incompetence on the part of Marwil arise, the U.S. Trustee is free to move for appointment of a trustee. Until that time, however, Marwil remains the debtor-in-possession pursuant to the district court's order.

**CONCLUSION**

For the foregoing reasons, the district court's judgment affirming the bankruptcy court's denial of the U.S. Trustee's motion to appoint a trustee pursuant to 11 U.S.C. § 1104 is hereby AFFIRMED.